IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PINSTRIPE, INC. d/b/a ACCTKNOWLEDGE,)
an Oklahoma corporation,               )
                                 )
      Plaintiff,               )
                                 )
v.                               )  Case No. 07-CV-620-GKF-PJC
                                 )
MANPOWER, INC., a Wisconsin corporation;)
and INTERNATIONAL BUSINESS      )
MACHINES CORPORATION, a Delaware   )
corporation,                      )
                                 )
      Defendants.           )
                                 )

## OPINION AND ORDER

This matter came before the Court for hearing on July 13, 2009, on the Motion for

Sanctions of Plaintiff Pinstripe, Inc.  [Dkt. No. 123/134].  Plaintiff Pinstripe, Inc. d/b/a

AcctKnowledge ("AK") complains that Manpower, Inc. ("Manpower") failed to

preserve and, in fact, destroyed documents relevant to this case. AK asks the Court to

enter default judgment against Manpower or direct that an adverse inference jury

instruction be given.  AK also seeks monetary sanctions as compensation for the time

spent uncovering Manpower's conduct and the time spent deposing Manpower's

witnesses.  AK also seeks monetary sanctions to punish Manpower and its attorneys.

### Background

AK filed suit in Tulsa County District Court on Oct. 25, 2007, and secured

an *ex parte* Temporary Restraining Order barring actions by IBM and Manpower to

transition AK employees to Manpower.  The McGuireWoods law firm of Chicago took

1

on representation of Manpower.  McGuireWoods attorneys drafted a litigation hold for Manpower's use and forwarded it to Manpower on Oct. 29, 2007.  Manpower failed to issue the litigation hold.  The case was removed to this Court and following a hearing on Nov. 16, 2007, the Court denied AK's request for a preliminary injunction against both IBM and Manpower, and dissolved the TRO previously entered in Tulsa County District Court.

Key dates relevant to this dispute are:

- Feb. 27, 2008 – AK serves discovery requests on Manpower.
- April 18, 2008 – Manpower responds to discovery.
- July 15, 2008 – Manpower produces responsive documents.
- Aug./Sept. – discussion between AK and Manpower regarding sufficiency of Manpower's responses.  Manpower is asked to certify the completeness of its responses and does.
- Oct. 6, 2008 – AK realizes Manpower's document production is incomplete.
- Jan. 13, 2009 – AK requests information from Manpower regarding preservation of documents.  Manpower realizes not all e-mails have been produced.
- Jan. 15, 2009 – Kathleen O'Toole, in-house counsel, realizes Manpower has not issued a litigation hold.  She issues the hold immediately.
- March 2, 2009 – Manpower reveals that two employees may have deleted discoverable e-mails.

After learning that e-mail had been deleted, Manpower's Information Technology ("IT") staff tried without success to recover the documents.  Manpower than hired an outside vendor for $30,000 who attempted unsuccessfully to find the documents.  Manpower has sought the e-mail from their recipients and claims to have recovered more than 700 e-mails.  Manpower also claims that any attachments to the e-mails were preserved because they were stored on another server.

## II
## Applicable Legal Standards

When a party reasonably anticipates litigation, it must suspend its usual document retention/destruction policy and put in place a "litigation hold" thereby ensuring the preservation of relevant documents. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). However, a party's issuance of a litigation hold does not end its responsibilities in discovery. The party must see that the litigation hold is complied with, "monitoring the party's efforts to retain and produce the relevant documents." *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004). A party, therefore, must make sure that "all sources of potentially relevant information are identified and placed 'on hold'." *Id.* This necessarily involves communication with all of the "key players" in the litigation. *Id.*

In *Henning v. Union Pacific Railroad Co.*, 530 F.3d 1206 (10th Cir. 2008), the Court discussed sanctions for destruction of possibly relevant evidence. Plaintiff sought the railroad dispatcher tapes regarding a motor vehicle-train collision in Sallisaw, Oklahoma. The railroad produced what it believed to be the tapes, only to discover it had produced a tape from the wrong dispatching station. *Id.* at 1219. When Union Pacific discovered its error, the appropriate tape had been destroyed pursuant to company policy.

The trial court held that Henning could not introduce any evidence of spoliation of evidence because she had not shown the dispatcher tapes were relevant or that the tape's destruction was "anything but inadvertent." *Id.* The Court also denied

3

Henning's request for an adverse inference because there was no evidence of intentional destruction or bad faith. The Tenth Circuit Court of Appeals affirmed, finding that "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." *Id.* at 1220 (quoting *Aramburu v. The Boeing Co.*, 112 F.3d 1398, 1407 (10th Cir. 1997).

Sanctions for destruction of evidence serve three remedial purposes: Punishment, accuracy and compensation. *Koch v. Koch Indus, Inc.*, 197 F.R.D. 463, 483 (N.D.Okla. 1998). The Court must select the least onerous sanction that will serve these purposes. The severity of sanctions should be a function of the willfulness of the party who destroyed evidence and the prejudice suffered by the other party. *Id.*

**III**
**Discussion**

AK seeks sanctions against Manpower, including default judgment, a spoliation instruction and monetary damages. AK also seeks sanctions against Manpower's counsel for their wrongful certification that Manpower's discovery production was complete.

Federal courts have inherent authority to impose sanctions as a means of controlling and supervising litigation before them. *Koch*, 197 F.R.D. at 482. "A litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation." *Id.* Spoliation or destruction of evidence includes intentional or negligent destruction or loss of "tangible and relevant evidence" thereby impairing a party's ability to prove or defend a claim. *Id.*

4

**A.  Sanctions Against Local Counsel Crowe & Dunlevy**

The Court finds no basis for a sanction award against the Crowe & Dunlevy
("C&D") law firm.  C&D served as local counsel in this matter, but had little, if
anything, do so with formulating or monitoring Manpower's discovery responses.
C&D was not involved in the discovery exchanges between Manpower and
McGuireWoods and C&D did not even know there was a discovery dispute between
Manpower and AK until Feb. 18, 2009.

**B.  Sanctions Against McGuireWoods**

The records evidence establishes that McGuirewoods worked on a revised
document retention policy for Manpower.  The policy required retention of relevant
documents once a lawsuit was filed.  If employees had any questions about a document,
they were to contact the legal department.  McGuireWoods drafted a litigation hold for
Manpower and sent it to the client shortly after this lawsuit was initiated in Tulsa
County District Court.  The firm believed the litigation hold was in effect; however,
some 14 months later it was learned that Manpower had never put the litigation hold in
place.  In the meantime, McGuireWoods, relying on representations of Manpower, told
AK that document production was complete.  That, it turned out, was false.

The record reflects that McGuireWoods sought to confirm with its client that all
documents responsive to AK's discovery requests had been produced.  Fed. R. Civ. P.
26 provides that by signing a discovery request or response, an attorney is certifying its
reasonableness.  The Advisory Note to the 1983 Amendment to Rule 26 provides: "In
making the inquiry, the attorney may rely on assertions by the client and on

communications with other counsel in the case as long as that reliance is appropriate under the circumstances.  Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances."

The Court finds that McGuireWoods made reasonable inquiry as to the completeness of Manpower's document production and relied on the client's representations in that regard.  Accordingly, I find that sanctions are not warranted against McGuireWoods.

### C.  Sanctions Against Manpower

It is clear that Manpower failed to meet its obligations to preserve possibly relevant documents for use in this lawsuit.  Manpower failed to issue the litigation hold drafted by McGuireWoods and failed to monitor compliance with the oral instructions given to some Manpower managers.  As a direct result, possibly relevant e-mails were destroyed.

From my review of the record evidence and counsels' presentations at the July 13 hearing, I conclude that Manpower's conduct was not intentional and does not reflect that documents were deliberately destroyed because the company believed its defense to this action is weak or otherwise vulnerable.  Thus, I do not find a basis for the extreme sanctions of default judgment or adverse inference instruction.  Clearly, however, an appropriate sanction is merited.

Manpower allowed one employee, Hein, to destroy possibly relevant documents. Thereafter, Manpower tried to recover Hein's e-mails using its in-house IT people. When that failed, Manpower hired an outside third-party forensic information

technology consultant to help recover the e-mails.  Manpower has spent approximately $30,000 in this effort.  Manpower asserts that:  (1) Any attachments to e-Mails written by Hein were preserved because they were on a different server, and (2) Hein's e-mails were retrieved from the parties to whom they were sent.  Manpower produced some 700 e-mails written by Hein that it recovered from the recipients.

A party seeking a negative inference instruction, must establish:  (1) that the party controlling evidence had an obligation to preserve it at the time it was destroyed; (2) that the destruction occurred "with a culpable state of mind", and (3) that the evidence destroyed was relevant.  *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).   There is no question that Manpower had an obligation to preserve the e-mails that Hein deleted.  That obligation clearly arose by October 2007 when this action was filed.  Hein testified in her deposition that she deleted the e-mails at issue in December 2008, more than a year after a preservation hold should have been in place and Hein's compliance monitored by counsel.

Some courts have found that mere negligence is sufficient to establish a "culpable state of mind" for purposes of an adverse inference instruction.  However, that is not the rule in this Circuit.  *Aramburu v. The Boeing Company*, 112 F.3d 1398, 1407 (10th Cir. 1997) ("mere negligence" in losing or destroying records is not enough to reflect consciousness of a weak case.).  Bad faith is required.  "The adverse inference must be predicated on the bad faith of the party destroying the records." *Id.*  The Court finds that Manpower's conduct did not amount to bad faith and, thus, an extreme sanction such as adverse inference or default judgment is not warranted

Furthermore, AK has not established that Manpower has not recovered the e-mails at issue or that any missing e-mails are relevant to AK's claims herein.  At the July 13 hearing, the Court sought information on the specific prejudice AK has suffered as a result of Manpower's conduct.  It appears that this consists of preparing for depositions only to have them re-scheduled when it was learned that not all Manpower documents had been produced, taking some depositions without the benefit of Manpower's belatedly produced documents.  AK was unable to point to evidence that any specific documents had been destroyed.  Admittedly, it is difficult to prove a document existed but has been destroyed; however, frequently a missing document will be referred to in other surviving documents or will be recalled during deposition.  *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 426-27 (S.D.N.Y. 2004) (existence of a lost e-mail was established by references to it in other correspondence).

Accordingly, the Court finds that Manpower's conduct may have caused the destruction of relevant e-mails.  Manpower has already incurred an expense of approximately $30,000 in an effort to recover these e-mails and has resorted to special efforts to retrieve the e-mails from the recipients.  However, it is unclear whether these efforts have been wholly successful.  Therefore, Manpower will be sanctioned as follows:

(1) If AK must re-open any deposition to address late produced evidence, it will be allowed to do so.  Deposition costs will be borne by Manpower.

(2) If AK wishes to depose Manpower's IT person or a representative of Forensicon, the forensic consultant Manpower hired in an effort to recover

8

lost e-mail, it may do so at Manpower's expense. Any costs imposed do not include attorney fees. Each side will bear its own fees in connection with the depositions discussed above.

(3) If AK learns of a specific, relevant e-mail that has not been recovered or otherwise produced, it may petition the Court for further relief.

(4) Manpower shall contribute the sum of $2,500 to the Tulsa County Bar Association to support a seminar program on litigation hold orders, and preservation of electronic data.

IT IS SO ORDERED this 28th day of July 2009.

Paul J. Cleary
United States Magistrate Judge